UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SANDY VALCIN,                                          :

                        **REPORT and RECOMMENDATION**

          Plaintiff,                                    :

                     07 Civ. 1385 (DAB)(KNF)

    -against-                                        :

NEW YORK CITY DEPARTMENT OF                :
HOMELESS SERVICES, ET AL.,

                                       :

         Defendants.
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE DEBORAH A. BATTS, UNITED STATE DISTRICT JUDGE

      Plaintiff Sandy Valcin ("Valcin"), a former provisional Fraud Investigator with the city of New York's Department of Homeless Services, proceeding pro se, alleges that her employment was terminated because of her sex, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a), and Section 8-107.1 of the Administrative Code of the City of New York, because she absented herself from work by taking maternity/child-care leave. Before the Court is a motion to dismiss the plaintiff's second amended complaint, made by defendants Iris Rodriguez, Daniel Hagevik, Denise Benson, Yvette Pilgrim and Sylvia Ontaban, pursuant to Fed. R. Civ. P. 12(b)(6). The movants maintain that Valcin has failed to state a claim upon which relief can be granted to her because, in this judicial circuit, an individual is not subject to liability under Title VII.

      For her part, Valcin contends the movants were "agents of [her] employer, [the] New York City Department of Homeless Services [], and, as such, are vicariously liable for the

improper employment practice of discrimination taken against the plaintiff in this instant matter."

When a motion is made, pursuant to Fed. R. Civ. P. 12(b)(6), the well-pleaded factual allegations made by a plaintiff, in her complaint, are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161 (1993); see also Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008). "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S. Ct. 1955, 1974 (2007). Valcin's assertion, that the movants are liable to her for violating Title VII because they are agents of the city's Department of Homeless Services, is baseless. "[I]ndividuals are not subject to liability under Title VII." Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000). See Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995); Patterson v. County of Oneida, N.Y., 375 F.3d 206, 221 (2d Cir. 2004). Inasmuch as there is no individual liability under Title VII, Valcin's complaint lacks facts that state a claim for relief, against the movants, that is plausible on its face.

Where a plaintiff's federal claim(s) cannot survive a motion to dismiss, a court may -- and would be warranted in a circumstance such as this -- decline to exercise supplemental jurisdiction over the plaintiff's state-law claims, unless the record before the court establishes that the exercise of supplemental jurisdiction over those claims promotes economy, convenience, fairness and comity. See 28 U.S.C. § 1367(c)(3); see Jones v. Ford Motor Credit Co., 358 F.3d 205, 214 (2d Cir. 2004). The record before the Court does not demonstrate that exercising the court's supplemental jurisdiction will promote the values identified immediately above.

Accordingly, exercising supplemental jurisdiction over the claim asserted against the movants by the plaintiff, pursuant to Section 8-107.1 of the Administrative Code of the City of New York, is not warranted.

## RECOMMENDATION

For the reasons set forth above, the motion to dismiss, Docket Entry No. 36, made by the individual defendants identified above, should be granted, and the court should decline to exercise supplemental jurisdiction over the claim made by the plaintiff under the municipal anti-discrimination law.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of the Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, United States District Judge, 500 Pearl St., Room 2510, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Batts. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank

v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Candair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
      April 15, 2008

Respectfully submitted,

/s/ Kevin Nathaniel Fox
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Sandy Valcin
Jennaydra Dance Clunis, Esq.
Joel Spivack, Esq.