UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SANDY VALCIN,                                       :

                                                 **REPORT and RECOMMENDATION**

        Plaintiff,                              :

                                         07 Civ. 1385 (DAB)(KNF)

      -against-                              :

NEW YORK CITY DEPARTMENT OF                         :
HOMELESS SERVICES, ET AL.,

                                           :

        Defendants.
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE DEBORAH A. BATTS, UNITED STATES DISTRICT JUDGE

       Plaintiff Sandy Valcin ("Valcin"), a former provisional Fraud Investigator with the city of New York's Department of Homeless Services, proceeding pro se, alleges her union, defendant SSEU Local 371, and its "grievance officer," defendant John Peeks ("Peeks"), did not represent her when she sought assistance concerning the process through which her employment with the Department of Homeless Services was terminated and, further, that in failing to do so, they breached the duty owed to her of fair representation.

       Before the Court is a motion to dismiss the plaintiff's second amended complaint made, ostensibly, pursuant to Fed. R. Civ. P. 12(b)(6), by the union and Peeks. The movants maintain: 1) the court lacks subject matter jurisdiction; 2) the claims asserted against them are barred by the applicable statute of limitations; 3) Peeks is not personally liable to the plaintiff for any damages she seeks through this action; and 4) the plaintiff failed to state a claim upon which relief may be

granted.[1]

Valcin relied upon 28 U.S.C. § 1331, the court's "federal question" jurisdiction to assert her claim against the union and Peeks. Specifically, she alleged that their conduct violated a provision of the Labor Management Relations Act of 1947 ("Act"), 29 U.S.C. § 185(b). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh v. Y&H Corp., 546 U.S. 500, 513, 126 S. Ct. 1235, 1244 (2006)(citation omitted). 29 U.S.C. § 185(a) provides as follows:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

According to § 152(2) of the Act "[t]he term 'employer' includes any person acting as an agent of an employer directly or indirectly, but shall not include the United States or any wholly-owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof, or any person subject to the Railway Labor Act . . . as amended from time-to-time, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization." The defendant New York City Department of Homeless Services is an agency of the city of New York, which is a political subdivision of the state of New York, the defendant union is a labor organization and Peeks is the union's agent. Accordingly, the Act is inapplicable in the circumstance of the instant action.

---

[1] The defense, that the court lacks subject matter jurisdiction, is typically raised via Fed. R. Civ. P. 12(b)(1) and not through Fed. R. Civ. P. 12(b)(6), as the movants have done here. In any event, the Court will analyze that portion of the motion which speaks to the court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Thus, the court lacks subject matter jurisdiction over the claim asserted by the plaintiff against the union and Peeks.

In her opposition to the instant motion, the plaintiff concedes that the court lacks subject matter jurisdiction over the above-cited claim. However, she has requested an opportunity to amend her complaint, for a third time, to assert a claim against the union and Peeks under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000-e(c). Fed. R. Civ. P. 15 informs that a party may amend its pleading once as a matter of course before a responsive pleading is served or within twenty days after serving the pleading, when a responsive pleading is not allowed or no date for trial has been fixed. See Fed. R. Civ. P. 15(a)(1)(A); (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Second Circuit has held that "futility of the amendment" is an appropriate basis for denial of a Rule 15(a) motion. Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603-04 (2d Cir. 2005)(quoting Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 [2d Cir. 1987]).

A Title VII plaintiff who elects to file a charge of discrimination with a state or local anti-discrimination agency, instead of filing directly with the United States Equal Employment Opportunity Commission, must do so on the earlier of 300 days after the alleged unlawful discriminatory act(s) occurred or within 30 days after receiving notice that the state or local anti-discrimination agency has terminated its proceedings under the relevant law. Valcin filed a charge of discrimination with the New York City Human Rights Commission in December 2005. The only respondent named in Valcin's charge of discrimination was the municipal agency with

whom she was previously employed, defendant New York City Department of Homeless Services. In the instant complaint, Valcin alleges that on November 12, 2005, she learned from Peeks that "he could not be of assistance to her because she was no longer a member of the union." Therefore, Valcin had 300 days from November 12, 2005, the date on which Peeks and the union are alleged to have discriminated against her, to file, administratively, a charge of discrimination. Valcin failed to do so, and the time for her to file timely an administrative charge of discrimination, based on the November 2005 event, has elapsed. See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996).

"As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with [a federal, state or local anti-discrimination agency]." Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003). Inasmuch as Valcin failed to file timely a charge of discrimination against the union and Peeks, with an administrative anti-discrimination agency, and the time for doing so has elapsed, she is barred, as a matter of law, from suing the movants, under Title VII, for discrimination. Furthermore, even if the Title VII claim Valcin wants to make against the movants was not time-barred, Valcin could not maintain such a claim against Peeks because "individuals are not subject to liability under Title VII." Wrighton v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000). For these reasons, the Court finds that permitting Valcin to amend her complaint, pursuant to Fed. R. Civ. P. 15, for a third time, to assert a Title VII claim against the movants, would be futile.

## RECOMMENDATION

For the reasons set forth above, the movants' motion to dismiss, Docket Entry No. 29, should be granted, as the court lacks subject matter jurisdiction of the claim made against the

movants under the Act. In addition, the plaintiff's application for leave to amend her complaint, for a third time, to assert a Title VII claim against the movants, should be denied; such an amendment would be futile.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of the Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, United States District Judge, 500 Pearl St., Room 2510, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Batts. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Candair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
April 15, 2008

Respectfully submitted,

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Sandy Valcin
Jennaydra Dance Clunis, Esq.
Joel Spivack, Esq.

5