UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
SANDY VALCIN,

                    Plaintiff,

          - against -

NEW YORK CITY DEPARTMENT OF HOMELESS
SERVICES,
                    Defendant.
------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-30-10
```

07 Civ. 1385 (DAB)(KNF)
ADOPTION OF REPORT
AND RECOMMENDATION

DEBORAH A. BATTS, United States District Judge.

    This matter is before the Court upon a Report and

Recommendation ("Report") of United States Magistrate Judge Kevin

Nathaniel Fox, which was filed September 24, 2009.  The Report

recommends that Defendant's Motion for Summary Judgment be

GRANTED.

    Pursuant to 28 U.S.C. § 636(b)(1)(C), the District Court is

required to make a "de novo determination of those portions of

the report or specified proposed findings or recommendations to

which objection is made."  Where no timely objection has been

made, "a district court need only satisfy itself there is no

clear error on the face of the record." Nelson v. Smith, 618

F.Supp. 1186, 1189 (S.D.N.Y. 1985).  After conducting the

appropriate level of review, the Court may then accept, reject,

or modify, in whole or in part, the findings or recommendations

made by the Magistrate.  28 U.S.C. § 636(b)(1)(C); see also Local

Civil Rule 72.1(d).

     The facts in this matter are meticulously detailed in Judge

Fox' Report, and will not be fully restated here.  Plaintiff has

submitted timely Objections to the Report.  For the reasons

stated herein, the Court accepts and adopts the findings of

Magistrate Judge Fox and adopts his recommendation that

Defendant's Motion for Summary Judgment be GRANTED.


                           I. DISCUSSION

A.   Motion for Summary Judgment

     1. Standard of Law for a Motion for Summary Judgment

A district court should grant summary judgment when there is "no

genuine issue as to any material fact," and the moving party is

entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); see

also Hermes Int'l v. Lederer de Paris Fifth Ave., Inc., 219 F.3d

104, 107 (2d Cir. 2000).  "Only when no reasonable trier of fact

could find in favor of the nonmoving party should summary

judgment be granted."  James v. New York Racing Ass'n, 233 F.3d

149, 152 (2d Cir. 2000).  While a court must always "resolve

ambiguities and draw reasonable inferences against the moving

party," Knight v. U.S. Fire Ins. Co., 278 F.3d 93, 101 (2d Cir.

2002), "mere speculation and conjecture is insufficient to

                                2

preclude the granting of the motion." Guilbert v. Gardner, 480
F.3d 140, 145 (2d Cir.2007).  Instead, when the moving party has
documented particular facts in the record, "the opposing party
must 'set forth specific facts showing that there is a genuine
issue for trial.'"  Zelnik v. Fashion Institute of Technology,
464 F.3d 217, 224 (2d Cir. 2006) (quoting Fed.R.Civ.P. 56(e)).
Establishing such facts requires going beyond the allegations of
the pleadings, as the moment has arrived "'to put up or shut
up.'"  Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000)
(citation omitted).  Unsupported allegations in the pleadings
thus cannot create a material issue of fact. Id.


        2. Plaintiff's Title VII and New York City Claim.

        Here, neither party objects to Magistrate Fox's findings
that Plaintiff established a prima facie case of discrimination,
and that Defendant has met its burden by demonstrating a
legitimate, non-discriminatory reasons for Plaintiff's
termination. (Report, 9, 11.)  In particular, Magistrate Fox
found, and Plaintiff does not contest, that Defendant was
required by the New York Civil Service Law to terminate
provisional workers like Plaintiff and replace them with workers
from an "eligible list"  of applicants who have passed the civil
service examination.  (Report, 8-9 & n. 6.)

However, Plaintiff objects to Magistrate Fox's finding that she has not shown the non-discriminatory reason proffered by the Defendant to be a mere pretext for discriminatory intent. (Plt's Obj., 1-2.)

"In order to survive a motion for summary judgment, at [this] third step plaintiff must put forth adequate evidence to support a rational finding that the legitimate non-discriminatory reasons proffered by the employer were false, and that more likely than not the employee's sex or race was the real reason for the discharge." Vallone v. Lori's Natural Food Center, Inc., 199 F.3d 1324, 1324 (2d Cir. 1999) (emphasis added). "It is not enough, in other words, to disbelieve the employer; the factfinder must believe the plaintiff's explanation of intentional discrimination." St. Mary's Hnor Ctr. v. Hicks, 509 U.S. 502, 519 (1993) (emphasis in original).

Plaintiff cites to six "inconsistencies" in the record that she contends show a pretext of discriminatory intent, including that (1) Plaintiff could not be ranked while she was employed for less than a year, (2) Plaintiff was ranked nine out of twenty, (3) two men hired at the same time as Plaintiff were terminated after Plaintiff, (4) other men and women hired at the same time as Plaintiff for her position were not terminated at the same time as Plaintiff, (5) Defendant's decision to terminate

4

Plaintiff was made on the day she returned to work from maternity leave, and (6) the third round of terminations consisted only of women who had taken maternity leave. (Plt's Obj., 1.)

While some of the inconsistencies cited by Plaintiff show that the record does not fully explain the precise mathematical process by which Defendant decided the order in which to terminate its provisional employees during 2005, Plaintiff does not provide even a modicum of evidence supporting her claim that the real reason for her termination was her maternity leave. Thus, Plaintiff does not carry her burden in rebutting Defendant's non-discriminatory basis for her termination.

First, the emails provided by the parties suggest that the order in which provisional employees were terminated was established largely due to those employees' disciplinary and performance histories, (Plt's Exs. H, I; Def's Ex. L, Rodriquez Dep., 7:18 - 12:11), as well as whether they were certified for permanent employment, (Plt's Ex. L; Report, 12). There is no record of anything negative that was written or said about Plaintiff, let alone anything negative concerning her maternity leave. Further undermining Plaintiff's claim of discrimination is the fact that two provisional employees who were on child care leave during the same period as Plaintiff were appointed to permanent positions because they had taken the required civil

service examination. (Def's Exs. S, T.)  Two other provisional
employees took child leave at close to the same time as Plaintiff
were either not terminated for ten additional months or later
resigned of their own accord.  (Def's Exs. U, W.)

Accordingly, while there may be some evidence to suggest
that the process by which Defendant ranked and terminated
provisional employees was not as streamlined and transparent as
it could have been, that is no basis on which Plaintiff may state
a claim for employment discrimination.  Because there is no
evidence to suggest that Defendant's legitimate basis for
terminating Plaintiff was a mere pretext for improper
discrimination, the Court GRANTS Defendant's Motion for Summary
Judgment on Plaintiff's Title VII claim.


B.   Exercise of Supplemental Jurisdiction

Although Plaintiff objects to Magistrate Fox's
recommendation that the Court decline to exercise supplemental
jurisdiction over Plaintiff's remaining state claim, the Court
finds that it is proper to do so here.  New York Mercantile
Exchange, Inc. V. Intercontinental Exchange, Inc., 497 F.3d 109,
119 (2d Cir. 2007) ("In general, where the federal claims are
dismissed before trial, the state claims should be dismissed as
well.")

6

## II. CONCLUSION

The Court reviews the remainder of the Report for clear
error.  Having found no clear error on the record with the
remainder of the Report, and having conducted an independent de
novo review of the specifically objected-to portions of the
Report, is ORDERED as follows:

1. The Report and Recommendation of United States Magistrate
Judge Fox dated September 24, 2009, be and the same hereby is,
APPROVED, ADOPTED, and RATIFIED by the Court.

2. Defendant's Motion for Summary Judgment is GRANTED.
Plaintiff's Title VII claim is DISMISSED, with prejudice.
Plaintiff's state claim is DISMISSED, without prejudice

3. The Clerk of Court is directed to CLOSE the docket in
this case.

SO ORDERED.

DATED:    New York, New York

          March 30, 2010                     Deborah a. Batts

                                         Deborah A. Batts
                                  United States District Judge